**HARLIVY et al. v. UNITED STATES.**

(Circuit Court of Appeals, Eighth Circuit. May 18, 1926.)

No. 7079.

Intoxicating liquors ⟨⟩236(6½, 19).

Evidence *held* insufficient to sustain conviction of illegal possession and manufacture of intoxicating liquor, and of illegal possession of distilling apparatus designed and intended for unlawful manufacture of intoxicating liquor.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Frank Harlivy, Ed Harlivy, and others were convicted of illegal possession and illegal manufacture of intoxicating liquor, and of illegal possession of distilling apparatus designed and intended for unlawful manufacture of intoxicating liquor, and defendants named bring error. Reversed, and new trial awarded.

J. C. Helms, of Oklahoma City, Okl., for plaintiffs in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., and Leslie E. Salter, Asst. U. S. Atty., of Tulsa, Okl.

Before LEWIS, Circuit Judge, and MUNGER and JOHNSON, District Judges.

MUNGER, District Judge. An information was filed against Frank Harlivy, Ed Harlivy, W. L. Harlivy, and Jim Servany, which contained three counts, one for the illegal possession of, and one for the illegal manufacture of, intoxicating liquor, and one for the illegal possession of a distilling apparatus designed and intended for unlawful manufacture of intoxicating liquor. All of the defendants were convicted. Frank Harlivy and Ed Harlivy

have prosecuted error proceedings from the judgment.

The only question that was properly preserved by exception and assignment of error is the sufficiency of the evidence, which was presented to the trial court by a motion for a directed verdict. The motion was overruled and an exception taken. Frank Harlivy owned 160 acres of farm land in Oklahoma, and occupied a dwelling house situated near the center of the land. The defendants Ed Harlivy and W. L. Harlivy were his sons, and resided with the father. Ed Harlivy owned a threshing machine, and had been absent from the father's home the most of the time for three or four weeks prior to the day of his arrest, engaged in threshing grain. Jim Servany, the other defendant, had been operating the separator for Ed Harlivy. They had returned to Frank Harlivy's home, and were there the night before the arrest was made. Prohibition officers came to the house about 2 p. m. on August 1, 1924, and announced that they intended to search the premises and exhibited a search warrant. They discovered a farm wagon near a machine shed, which smelled strongly of mash, and found four barrels nearby which had just been washed out, and found on the ground some residue of the washing, showing a portion of mash. They followed a track recently made by the wagon across the field, until it terminated at a fence between the farm of Frank Harlivy and an adjoining farm, about a quarter of a mile from the house. Here they found evidence that the wagon had recently stood by the fence for a short period, and that men had approached to the wagon from the other side of the fence. The land was somewhat covered with underbrush and small trees. The officers found a still about 50 feet from the fence, and not far away found two 5-gallon bottles which contained whisky. These articles were found, not on the land of Frank Harlivy, but on the adjoining farm. The possession of this still and liquor and the manufacture of this liquor were the subject-matter of the charges against the plaintiffs in error.

The testimony as to the acts of the defendants disclosed that Ed Harlivy had mowed the weeds along the highway in front of his father's house in the morning, and had driven to a village later on. In returning he overtook the officers, who were driving from the village to the farm, and accompanied them. While the officers were searching the buildings near the house, W. L. Harlivy and Jim Servany drove in from the highway and were arrested. A jug of whisky was found in the car in which they had been riding. W. L. Harlivy testified that he had bought the barrels in the morning, from a man named Patton, who resided a short distance away, and had driven the wagon to the place found, where the officers had followed the tracks, and had there loaded the barrels into the wagon. He said he saw the still, and that Patton told him he was selling the barrels, because he was quitting the business of distilling. He said that he took the barrels in the wagon to the farmyard, washed them out, and set them where they were found. The quarter section of land on which the still and liquor was found did not belong to any of the defendants, but a house on it was occupied by a man named Brakefield. Patton lived about a mile west of the Harlivy farm. This is the substance of all the evidence against the defendants.

Whether this evidence was sufficient to show that one or more of the defendants was guilty of maintaining this still, or of possessing it, or of possessing the liquor found near it, it is apparent that there is no evidence that Frank Harlivy or Ed Harlivy were guilty of the charges against them. It did not appear that either of them had ever been near the place where these articles were found, or had in any way aided or assisted in the manufacture or possession of the liquor, or in the possession of the still, or had any knowledge of such manufacture or possession. The evidence is entirely consistent with the hypothesis that the manufacture and possession of this liquor was that of Patton, or of some person unknown. Whether it was sufficient as against W. L. Harlivy is a question not presented in this proceeding. The evidence is not only consistent with the innocence of the plaintiffs in error, but there was no substantial evidence of the guilt of either.

For this reason the judgment will be reversed, and a new trial awarded.